# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEILI LIN a/k/a/ ALLY LIN & JYH-CHAU HORNG a/k/a/ HENRY HORNG,<br><br>Defendants. | Case No. 15-cr-00065-BLF-1<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO SEVER TAX COUNTS FROM FINANCIAL INSTITUTION COUNTS; DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE FINANCIAL INSTITUTION EVIDENCE FROM TRIAL ON TAX COUNTS**<br><br>[Re: ECF 127] |

Defendants Meili Lin ("Lin") and Henry Horng ("Horng") (collectively, "Defendants") have been charged in a six count indictment for allegedly filing false tax returns and making false statements to the Internal Revenue Service ("IRS") and federally-insured financial institutions. *See* ECF 1 ("Indictment"). Specifically, Counts 1 and 2 allege that Defendants filed false tax returns in violation of 26 U.S.C. § 706(1). Count 3 alleges that Horng made false statements to an IRS Revenue Agent during the investigation of the charged false tax returns, violating 18 U.S.C. § 100l(a)(2). Counts 1, 2, and 3 are hereafter referred to as the "tax counts." Defendants are also charged in Counts 4, 5, and 6, hereafter referred to as the "financial institution counts," with violations of 18 U.S.C. § 1014 for making false statements in mortgage applications to federally-insured financial institutions.

Before the Court is Defendants' joint motion to sever the tax counts from the financial institution counts. *See* ECF 127 ("Mot."). Defendants argue that the counts are improperly joined under Federal Rule of Criminal Procedure 8(a), or in the alternative, severance is warranted due to the risk of manifest prejudice to Defendants under Rule 14. *Id.* The Court held a hearing on the

motion to sever at the pretrial conference on April 5, 2018. For the reasons that follow, as well as those stated on the record at the hearing, the Court finds that the counts are improperly joined under Rule 8(a). Defendants' motion to sever is GRANTED and the tax counts are HEREBY SEVERED from the financial institution counts, with trial on the tax counts to proceed first. However, evidence from the mortgage loan applications is admissible in the trial on the tax counts, and Defendants' motion in limine to exclude such evidence is DENIED.

**I.   BACKGROUND**

The Government represents that the evidence at trial will demonstrate the following: Defendants Lin and Horng have been married to each other since 1997, and have been U.S. citizens since 2004. *See* Government's Opposition to Motion to Sever at 2, ECF 130 ("Opp'n"). Throughout 2006 and 2007, Defendants were the sole owners and operators of Reijin International ("Reijin"), a company that they allegedly ran out of their home in Saratoga, California. *Id*. On their joint federal tax returns for the years 2006 and 2007, Defendants represented that they had total income of $232,116 in 2006, and $-212,217 (negative total income) in 2007. *Id.* The 2006 tax return also failed to report any foreign bank accounts. *Id.* When an IRS Revenue Agent confronted Defendant Horng with inconsistencies between Defendants' tax returns and numerous loan applications submitted to several banks, Horng told the Revenue Agent that the amounts listed on the loan applications—such as income amounts of $1,596,000 and $1,500,000 annually, and a foreign account with a market value of $880,000—were lies made up by loan officers. *See* Opp'n at 2 n.2.

In general, the Government has evidence of dozens of loan applications and supporting documents submitted to various financial institutions that reported Defendants' income, business activities and assets. *Id.* at 2 n.1. Although most of the loan applications are uncharged, the Government argues that the information contained therein has probative value for the tax counts because it is inconsistent with Defendants' tax returns and statements to the IRS. In fact, the Government will attempt to prove at trial that these documents are admissions of Defendants' true income, business activities, and assets during the years at issue, in contrast to the numbers contained in the allegedly false tax returns. *Id.* Three charged loan applications form the basis of

2

the financial institution counts (Counts 4, 5, and 6), which relate to statements by Defendants mischaracterizing the subject properties as residences rather than investments.

Based on the above conduct, the Government returned an indictment against Defendants, who are each charged with two counts of filing false tax returns in violation of 26 U.S.C. § 7206(1) (Counts 1 & 2). Specifically, the indictment alleges that Defendants' joint tax returns for calendar years 2006 and 2007 reported total income in amounts that were lower than their actual income for that year, in part because Defendant Lin "had an interest in, or signature, and other authority over bank, securities, and other financial accounts in Canada and the People's Republic of China." *See* Indictment at 1-2. Defendant Horng is also charged with one count of making false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2) (Count 3) because he allegedly told an IRS Agent that Defendant Lin did not maintain foreign bank accounts during the year 2006, and that someone other than Lin had added the foreign account listed on a loan application signed by Lin without her knowledge or permission. *Id*. at 2-3.

The indictment goes on to charge Defendant Horng with two counts of making false statements to a federally insured institution in violation of 18 U.S.C. § 1014 (Counts 4 and 6). These allegedly false statements included representations to Wells Fargo and Citimortgage, Inc. in Uniform Residential Loan Applications to purchase a property located at 88 South Broadway, No. 1507, Millbrae, California, that Horng intended to use the property as his primary or secondary residence when "he never intended to occupy the property" as his primary or secondary residence. Indictment at 3, 4. Defendant Lin is also charged with one count of making false statements to a federally insured institution in violation of Section 1014 (Count 5). Specifically, Lin is charged with making false statements in a Uniform Residential Loan Application stating that property located at 188 Minna Street, Unit 32B, San Francisco, California, would be her secondary residence "when, in fact, as defendant then and there knew, she never intended to occupy the property as her secondary residence." *Id.* at 4.

Defendants jointly moved to sever the tax counts (Counts 1, 2, and 3) from the financial institution counts (Counts 4, 5, and 6), and to exclude evidence contained in the mortgage loan applications from a severed trial on the tax counts. *See generally* Mot.

## II. DISCUSSION

### A. Federal Rule of Criminal Procedure 8(a)

Rule 8(a) provides that in a criminal case, "the indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder[.]" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (citations omitted); *see also Jawara*, 474 F.3d at 572 ("[T]he validity of the joinder is determined solely by the allegations in the indictment."); *United States v. Fiorillo,* 186 F.3d 1136, 1145 (9th Cir. 1999) ("In making an assessment of whether joinder was proper, this court examines only the allegations in the indictment.")

Defendants jointly move to sever under Rule 8(a), arguing that the financial institution counts have nothing to do with the tax counts or the investigation forming the basis of the tax counts, and the joinder of all six counts for trial is improper. *See generally* Mot. The Government opposes, focusing on the temporal proximity of the activities underlying both sets of counts to support its argument that the counts are properly joined because all six counts are of the same or similar character, are based on the same acts and transactions, and are part of the same scheme. Opp'n at 4.

The Court heard oral argument from both sides at the hearing on April 5, 2018. Ultimately, Defendants' position on severance is more persuasive under binding Ninth Circuit law as applied to this case, and severance is warranted because joinder of the tax counts and financial institution counts is improper under Rule 8(a).

#### 1. Same or Similar Character

In assessing whether counts are of the same or similar character, the Court is "to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the

4

likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims..." *Jawara*, 474 F.3d at 578. Although "the weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment," the Ninth Circuit made clear in *Jawara* that "the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.*

Defendants argue that the tax counts are not of the same or similar character to the financial institution counts because the allegedly false statements made to private sector institutions about residency are entirely unrelated to the tax evasion charges. Mot. at 3. In its opposition, the Government describes Defendants' financial lives during overlapping time periods as the "common thread" running through all Counts. Opp'n at 4. But such a connection is not evidenced from the face of the indictment. *See Jawara*, 474 F.3d at 572 (citing *Terry*, 911 F.2d at 276). Although there is some temporal connection between the activities at issue,[1] "a close temporal relationship is not, in and of itself, a sufficient condition for joinder." *Jawara*, 474 F.3d at 575 (citing *United States v. Cardwell*, 433 F.3d 378, 386 (4th Cir. 2005) ("[W]e do not believe that a mere temporal relationship is sufficient to show that the two crimes at issue here were logically related."))

The Government has also overstated the evidentiary overlap between the two sets of counts. The real connection between the counts is evidence from *other* portions of the mortgage loan applications regarding income and assets that have nothing to do with the statements regarding residential use of the subject properties. The indictment on its face fails to connect the dots that the Government urges the Court to infer from its brief regarding the character of the various counts. *See Jawara*, 474 F.3d at 572-73 ("Though on occasion, our decisions have noted

---

[1] At the hearing, the Government emphasized the temporal proximity of the acts involved in the events as the basis for denying the motion to sever. Defendants concede that at least the October 2007 tax return filing was temporally proximate to the fraudulent mortgage applications at issue. But temporal proximity alone is insufficient to render joinder proper, and Defendants make a strong showing that temporal proximity is not determinative because conduct underlying the tax counts continued through September 2010 whereas the loan applications related to the financial institution counts were only submitted in June and August 2007.

5

matters outside of the indictment, the established rule in this circuit is that *a valid basis for joinder should be discernable from the face of the indictment*, and we remain faithful to that principle here.") (emphasis added).

Accordingly, the Court agrees with Defendants that based on the indictment, the tax counts are not of the same or similar character to the financial institution counts. The Government cannot avoid the language used in its indictment and ask the Court to engage in "inferential gymnastics" to find a relationship between the tax counts and financial institution counts. *Jawara*, 474 F.3d at 578. As the Ninth Circuit warned prosecutors, where the government "seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment at its own risk." *Id.*

### 2. Same Act or Transaction

The Court next considers whether the tax counts are part of "the same act or transaction" as the financial institution counts. Courts interpret Rule 8(a)'s use of the word "[t]ransaction," flexibly and the Ninth Circuit has held that it "may comprehend a series of related occurrences." *Terry*, 911 F.2d at 276; *see also United States v. Friedman,* 445 F.2d 1076, 1083 (9th Cir. 1971) (the word "transaction…may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") In order to satisfy this condition of Rule 8(a), there must be a "logical relationship" between the acts alleged and "a large area of overlapping proof." *United States v. Salyer*, No. CR S-10-061 LKK, 2011 WL 6153204, at *4 (E.D. Cal. Dec. 12, 2011) (citing *U.S. v. Anderson,* 642 F.2d 281, 284 (9th Cir. 1981)).

Defendants rely on *Jawara* and *Salyer* to argue that the tax counts in this case are not related in a transactional sense to the financial institution counts. Mot. at 5; *Jawara*, 474 F.3d at 575; *Salyer*, 2011 WL 6153204, at *4. In those cases, the courts found that the "same act or transaction" condition of Rule 8(a) was not satisfied and granted severance. In particular, the Ninth Circuit found in *Jawara* that there was "no direct connection between the acts other than Jawara's participation in both events." 474 F.3d at 575. Here, too, Defendants themselves are the only logical connection between the sets of counts, which are factually distinct from each other and involve interactions with the Government on one hand, and private banks on the other.

6

Although evidence from the loan applications certainly can be used against Defendants in a trial on the tax counts, it is only evidence from other portions of the loan documents regarding Defendants' financial situation—not Defendants' representation regarding residential use of the properties—that is relevant to the tax counts.

In its opposition brief, the Government does not elaborate on its theory that the counts are all based on the same act or transaction. *See generally* Opp'n. At oral argument, the Government confirmed its position that all three of Rule 8(a)'s requirements are met due to the temporal proximity of the acts underlying the tax counts and the financial institution counts, as well as the overlapping evidence and witnesses. However, the indictment does not show that there is a logical connection between the two sets of counts or even suggest that the evidence would be overlapping. Nor can the Court glean from the indictment that the tax fraud counts flow from the financial institution counts, or vice versa. *Jawara*, 474 F.3d at 575. The Government provides no basis for why the Court should ignore clear Ninth Circuit authority and look beyond the indictment to find that the counts involve the same acts or transactions.

### 3. Common Scheme or Plan

To find misjoinder warranting severance under Rule 8(a)'s third factor—whether separate counts constitute parts of a common scheme or plan—courts in the Ninth Circuit must determine that "[c]ommission of one of the offenses neither depended upon nor necessarily led to the commission of the other," and that "proof of the one act neither constituted nor depended upon proof of the other." *Jawara*, 474 F.3d at 547; *see also United States v. Collins*, 15-CR-00533-RS, 2016 WL 6248892, at *2 (N.D. Cal. Oct. 26, 2016) (holding that "the government's theory of a common plan or scheme cannot be constructed solely by the allegations in the indictment.") (quoting *Terry*, 911 F.2d at 276).

With respect to this factor, the Government reiterates its argument that the overlapping evidence and temporal proximity of the counts renders joinder proper under Rule 8(a). *See* Opp'n at 5. The Government cites to *United States v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991) and *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) to support its argument that counts covering the same time period and involving the same or similar evidence are properly joined.

7

Opp'n at 5. However, Defendants point out that neither *Bailey* nor *Saadey* applied the legal standard adopted by the Ninth Circuit requiring reliance on the indictment in determining whether severance is appropriate under Rule 8(a). Reply at 3, ECF 168.

In contrast, the recent decision in *United States v. Osuagwu*, offered by Defendants, is persuasive in light of its factual similarities to the circumstances here and its application of the legal standard in the Ninth Circuit. 3:16-CR-343-K (01), 2018 WL 1014176 at *2 (N.D. Tex. Feb. 22, 2018) ("In determining whether joinder is proper, the court looks only to the allegations in the indictment.") In *Osuagwu*, the defendant was charged in a twelve count indictment with mortgage fraud and conspiracy related to mortgage fraud (mortgage fraud counts), as well as tax fraud and tax-related obstruction (tax fraud counts). *Id.* at *1. In opposing severance under Rule 8(a), the Government argued that all of the counts were part of a common scheme or plan related to the defendant's "submission of false or fraudulent material documents and statements to lenders as well as false forms to the IRS." *Id.*

After reviewing the indictment in the case, the *Osuagwu* court granted the defendant's motion to sever the mortgage fraud counts from the tax fraud counts because the indictment failed to sufficiently allege a close connection between the mortgage fraud and tax fraud counts. *Id.* at *2 ("The indictment makes no connection between the alleged mortgage fraud and the basis of the[] tax fraud offenses; there is no relatedness of the facts underlying each offense.") (internal citations and quotation omitted). The *Osuagwu* court conceded that at least one of the tax counts referenced the same properties at issue in the mortgage counts, and the propriety of the joinder of *those* counts presented a "close call." *Id.* However, the court ultimately held that the allegations in the indictment fell short of Rule 8's relational requirements. *Id.* The court reasoned that "[t]he facts establishing the allegedly fraudulent purchase and sale of each property is not necessary to establish the tax fraud offense of omitting the gains earned in these sales. Although the sales of the two properties may be the subject of mortgage fraud offenses and a tax fraud offense, the allegations simply do not connect the two as being similar in nature or part of a common scheme or plan, despite the Government's argument to the contrary." *Id.*

This Court finds that the same is true here. As written, the indictment does not connect the

alleged mischaracterization of the properties as residential rather than investments to the allegations that Defendants underreported their income on tax returns and that Defendant Horng lied about foreign bank accounts to the IRS. The Government's arguments are untethered to the allegations in the indictment. The indictment does not demonstrate a "nexus" between the tax counts—which involve underreported income and misrepresentations about foreign bank accounts—and the financial institution counts, which have nothing to do with income but appear to be part of a separate scheme to fraudulently obtain mortgage loans for investment properties. *See Jawara*, 474 F.3d at 574 ("Restricting our inquiry to the allegations in the superceding indictment, nothing suggests such a nexus between the two counts.") It would be an unwarranted extension of the law to accept the Government's argument that the counts are part of a common scheme or plan simply because they all relate to Defendants' "financial lives during overlapping time periods." Opp'n at 4-5; *see Salyer*, 2011 WL 6153204, at *6 (granting severance because "the indictment alleges that [the defendant] accomplished this one goal, in two separate schemes."); *Jawara*, 474 F.3d at 574 ("No plan or common scheme links the charges nor can any commonality be inferred from the indictment.")

For the foregoing reasons, the Court cannot infer from the indictment that the two sets of counts are part of a common scheme or plan. Accordingly, none of the conditions of Rule 8(a) are satisfied in this case, and Defendants' motion to sever the tax counts from the financial institution counts based on improper joinder is GRANTED.

### B. Federal Rule of Criminal Procedure 14

"If the joinder of offenses...in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts…or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Even if counts are correctly joined initially under Rule 8(a), the district court may still sever the counts under Rule 14 if joinder is manifestly prejudicial." *Id.*; *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016). "[A]lthough claims under Rule 8(a) and Rule 14 present different questions, it is clear that there is no error under either rule if joinder was not prejudicial." *Id.*

Defendants argue that even if joinder is proper under Rule 8(a), the tax counts and

financial institution counts should be still be severed pursuant to Rule 14 because of the risk of manifest prejudice to Defendants from a joint trial. *See* Mot. at 7-10. Because the Court finds that the tax counts are improperly joined with the financial institution counts under Rule 8(a), it does not reach Defendants' argument that severance is necessary under Rule 14.

### C. Motion in Limine to Exclude Evidence of the Financial Institution Counts Under Rule 404(b) in Trial on the Tax Counts

Defendants also argue that if the financial institution counts are severed from the tax counts, evidence of the financial institution counts should not be admissible in a trial on the tax counts. Mot. at 10. The Government opposes, arguing that evidence of both sets of counts is inextricably intertwined, and the evidence is not unfairly prejudicial. Opp'n at 7. For the reasons that follow as well as those stated on the record at the April 5, 2018 hearing, the Court finds that the evidence is inextricably intertwined and Defendants' motion in limine is DENIED.

Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Before the Court reaches the Rule 404(b) analysis, it must consider whether the evidence is "intrinsic" rather than "extrinsic." "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ['other'] act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). The Ninth Circuit recognizes "two categories of evidence that may be considered inextricably intertwined with a charged offense and therefore admitted without regard to Rule 404(b)." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (internal citations and quotation omitted). First, evidence of prior acts may be admitted if the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* Second, prior act evidence may be admitted "when

it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.*

Defendants argue that evidence related to concealing assets on income tax forms have no bearing on the charged misrepresentations in mortgage loan applications, and thus the evidence should not be exempt from Rule 404(b) as inextricably intertwined evidence. Mot. at 14. The Court disagrees. Portions of the mortgage loan applications and documents contain evidence of what the Government will argue are *truthful* statements about income that contradict Defendants' representations in their tax forms. Opp'n at 9 ("In other words, it is the government's view that these documents are largely accurate, and they would be offered as direct evidence of knowledge and willfulness, both of which must be proven to secure convictions under either Section 7206(1) or Section 1001(a)(2).") For example, although Defendants reported income of $232,116 for calendar year 2006, the loan applications report annual income of between $288,000 and $1,740,000, as well as an account at the Agricultural Bank of China with a market value of $880,000. *See* Opp'n at 7 n.3; *see also* ECF 130-1. The Government contends that the loan application documents are admissions of Defendants' "true income, business activities, or assets during the years at issue." *Id.*

The Court agrees that the loan applications are inextricably intertwined with evidence of the tax counts and are necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *DeGeorge*, 380 F.3d at 1220. Likewise, on the financial institution counts, the Government will argue that evidence from the tax forms and documents shows that the same properties Defendants' described as residences were actually rental investments. *See* Opp'n at 3.

At this stage, and given the level of generality at which Defendants move to exclude such evidence, the Court finds that the evidence on the financial institution counts is inextricably intertwined with the tax counts.[2] The Court also finds that there are no Rule 404(b) issues,

---

[2] Although Defendants' Motion does not specify the evidence it seeks to exclude, describing it as "Evidence of the Alleged Crimes in the Financial Institution Counts," "evidence related to the financial institution Counts," and "financial institution evidence," Mot. at 10-13, the reply brief

11

because the loan applications are offered for more than Defendants' propensity to commit the charged tax crimes. *See* Fed. R. Evid. 404(b)(1). Rather, Defendants' statements made to financial institutions in the mortgage loan applications serve as direct evidence that the Defendants knew their tax returns were false, and that Defendant Horng knew his statements to the IRS Revenue Agent were false. Rule 403 also does not exclude this evidence, because the strong probative value of the loan applications on the tax counts will not be "substantially outweighed" by the danger of "unfair prejudice." Fed. R. Evid. 403.

In the event that, in the tax fraud trial, the Government seeks to direct the jury's attention to alleged untruthful statements in the loan applications regarding primary or secondary residence, the Government shall notify Defendants and the Court in advance so that Defendants may renew their Rule 404(b) and Rule 403 objections. Accordingly, Defendants' motion to exclude "financial institution evidence" from trial on the tax counts is DENIED. The mortgage loan applications are admissible in both cases.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to sever the tax counts from the financial institution counts is GRANTED. Counts 1, 2, and 3 are hereby SEVERED from Counts 4, 5, and 6 for trial. The parties stipulated on the record at the April 5, 2018 pretrial conference that trial on Counts 1, 2, and 3 will proceed first, followed by a separate trial on Counts 4, 5, and 6.

Defendants' motion in limine to exclude evidence from the mortgage loan applications in the tax fraud trial is DENIED.

Dated: April 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

appears to confirm that Defendants are most concerned with the "highly prejudicial nature of the mortgage loan applications in any tax fraud trial." Reply at 7.