**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MEILI LIN a/k/a/ ALLY LIN & JYH-CHAU HORNG a/k/a/ HENRY HORNG,<br><br>    Defendants. | Case No. 15-cr-00065-BLF-1<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNT I OF THE INDICTMENT** |

On May 15, 2018, after the close of the Government's case-in-chief, Defendants jointly moved to dismiss Count I of the Indictment. Defendants filed a memorandum in support of their oral motion on May 19, 2018. *See* ECF 256.[1] The Government opposes. ECF 259.

Defendants argue that a conviction on Count I of the Indictment cannot be sustained because the Indictment fails to allege all of the necessary elements of the offense. *See* ECF 256 at 8. Specifically, the Indictment charges Defendants with violating 26 U.S.C. § 7206(1) but fails to allege that the foreign bank account that Defendants did not report in 2006 had a balance of more than $10,000.00 during the year in question. Accordingly, even if there is enough evidence to support the allegations of the Indictment, Defendants argue that those allegations do not describe a crime. *Id.* at 2. Moreover, the defense argues that the Government's attempt to add evidence at trial and jury instructions to support the allegation that a foreign bank account must contain $10,000.00 or more in order to trigger the reporting requirement could result in a conviction that is at a variance with or a constructive amendment to the Indictment returned by the grand jury. *Id.*

---

[1] Defendants' memorandum also included an argument that Defendants are entitled to a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) based on the failure of the Government's method of proof. ECF 256. The Government represented that it plans to file a written opposition to that portion of Defendants' Rule 29 motion. As such, the Court DEFERS ruling on Defendants' arguments regarding the bank deposits method of proof and addresses only the omission of the $10,000.00 balance requirement from Count I of the Indictment.

For the reasons stated on the record outside of the presence of the jury on May 21, 2018, Defendants' joint motion to dismiss Count I of the Indictment is DENIED. Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a motion to dismiss based on a defect in the Indictment must be raised in a pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. Rule 12(c)(1) provides that the deadline for making such a motion is set by the Court's scheduling order, or, if the court does not set a deadline for pretrial motions, the deadline is the start of trial. *See* Fed. R. Crim. P. 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

In this case, the Court set the Final Pretrial Conference on April 5, 2018 as the deadline to hear the parties' pretrial motions. *See* ECF 113. In any event, jury selection occurred on May 4, 2018 and trial began on May 7, 2018. Therefore, Defendants' motion after the Government rested its case-in-chief on May 15, 2018 was untimely under Rule 12. The Court agrees with the Government that the basis for Defendants' motion was apparent on the face of the Indictment, and the defense has not articulated any good cause for their delay. ECF 259 at 2. Accordingly, Defendants have waived their request for relief based on a defect in Count I of the Indictment.[2]

The defense has also waived their variance and constructive amendment arguments. As the Government points out, Defendants have been on notice since at least April 30, 2018 that the Government intended to establish that Defendants' foreign accounts had an aggregate value of more than $10,000 during 2006. *See* ECF 212 ("It is alleged that the Defendants' federal income tax return for 2006 was false because . . . it falsely indicated that neither of the Defendants had an interest in or signature authority over a foreign financial account with at least $10,000."); *see also* ECF 219 (United States' Proposed Jury Instructions, at Proposed Instruction No. 5). Importantly, the cases on which Defendants rely involved prejudice resulting from the Government's

---

[2] The Court also notes that even if it were to consider Defendants' motion, it would find that the allegations in Count I of the Indictment are sufficient under Rule 7 to charge Defendants with violating 26 U.S.C. § 7206(1). Moreover, Defendants do not provide any authority requiring a Section 7206(1) Indictment to allege the $10,000 requirement for reporting a foreign account.

2

presentation of proof at trial based on a *broader* theory of liability than that presented to the grand jury. In this case, the United States' introduction of evidence and proposed jury instruction actually ensures that the proof at trial is narrower than the allegations in Count I of the Indictment, so that Defendants are not convicted under this theory unless the jury finds that Defendants knew they had a foreign account with over $10,000.00. Further, the Court finds that Defendants have not shown good cause for the delay. The defect alleged is apparent from the face of the Indictment.

For the foregoing reasons, as well as those stated on the record on May 21, 2018, Defendants' motion to dismiss or for a judgment of acquittal on the grounds that Count I of the Indictment fails to allege an essential element of the crime, and a conviction based upon additional evidence and jury instructions would be a variance and/or constructive amendment to the Indictment, is DENIED as untimely.

**IT IS SO ORDERED.**

Dated: May 23, 2018

_____
BETH LABSON FREEMAN
United States District Judge