**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MEILI LIN a/k/a/ ALLY LIN & JYH-CHAU HORNG a/k/a/ HENRY HORNG,<br>　　　　Defendants. | Case No. 15-cr-00065-BLF<br><br>**SECOND ORDER REGARDING MOTIONS *IN LIMINE***<br><br>[RE: ECF 153, 154, 204, 225, 235, 240, 248, 263] |

During trial, outside the presence of the jury, the Court heard oral argument and ruled on the following motions *in limine*. For the reasons explained below and those stated on the record, the motions are decided as follows:

### I. GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF DEFENSE EXPERT WITNESS RICHARD CARL

On May 22, 2018, the Government moved pursuant to Federal Rule of Evidence 702 and Federal Rule of Criminal Procedure 16 to exclude the testimony of defense expert witness Richard Carl. *See* ECF 263. Defendants filed an opposition, describing the focus of Mr. Carl's proposed expert testimony. ECF 264. For the reasons discussed on the record on May 23, 2018, the Government's motion to exclude Mr. Carl's testimony is WITHDRAWN. The Government stated on the record that Defendants' representations in their opposition brief about the subject of Mr. Carl's testimony alleviated the Government's concerns regarding Mr. Carl's qualifications. *See* ECF 264 at 2, lines 20-27. The defense confirmed on the record that Mr. Carl's testimony will be in accordance with the disclosure made in the opposition brief. *Id.* Defendants also do not intend to offer summaries through Mr. Carl—rather, he will offer expert opinion and analysis based on the Government's exhibits.

For the reasons stated on the record, and based on Defendants' response to the Government's motion, the Government's motion to exclude Mr. Carl's testimony is WITHDRAWN. The Government retains the right to make specific objections to Mr. Carl's qualifications and testimony offered at trial.

## II. DEFENSE MOTION *IN LIMINE* TO ADMIT IRS AUDIT TECHNIQUES GUIDE ON SCRAP METAL BUSINESS

The defense moves *in limine* to admit Chapter 16 of the IRS Audit Techniques Guide ("ATG") for Cash Intensive Businesses, referred to as the Scrap Metal Auditing Guide ("SMAG"). ECF 248. Defendants argue that the SMAG is relevant to determining the adequacy and quality of the Government's investigation, and is admissible as a statement of the opposing party under Federal Rule of Evidence 801(d)(2)(C) or (D). The Government expressed concern that portions of the SMAG refer to several statutes and court decisions, which conflict with the Court's ruling that the jury should not receive the law.

The Court agrees with the defense that the SMAG is relevant to the extent that it provides a step-by-step approach to how an audit is conducted in the scrap metal business. In particular, it puts in controversy Agent Garrison's testimony that she did not think the SMAG was relevant. Defendants' motion *in limine* to admit this exhibit into evidence is GRANTED. However, as stated on the record, the Court requires redactions of the descriptions of what the law requires. To the extent that there is other extraneous information in the SMAG, the Court does not find it prejudicial or confusing under Rule 403.

## III. GOVERNMENT'S MOTION TO PRECLUDE TESTIMONY OF DEFENSE WITNESS EDWARD ROBBINS

The Government moves to preclude the testimony of defense witness Edward Robbins on the grounds that his proposed testimony is hearsay and not exempt under Rule 801(d)(1) as a prior consistent statement. ECF 240. Defendants proffer that Mr. Robbins will testify about "what [Robbins] told the government about the nontaxable sources of funds in defendants' accounts." ECF 239. The Government argues that what Mr. Robbins told the Government on this topic could only be based on what Defendants told Mr. Robbins, and therefore is based entirely on hearsay. ECF 240. Defendants urge the Court to find that Mr. Robbins' testimony is necessary to rebut

2

charges of recent fabrication and satisfies Rule 801(d)(1)(B) because Mr. Robbins made these statements before the indictment and therefore before any motive to fabricate arose. ECF 239 (citing *Tome v. United States*, 513 U.S. 150, 167 (1995)). In contrast, the Government argues that Defendants had a motive to fabricate exculpatory explanations about their 2006 and 2007 income as soon as they were audited in 2009. ECF 240.

The Court agrees with the Government that under *Tome* and other relevant authority on Rule 801(d)(1)(B), the statements at issue are not pre-motive and therefore are inadmissible hearsay. The Court finds the reasoning in *United States v. Kubini* persuasive:

> Further, "Rule [801(d)(1)(B)(i)] permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made *before* the charged recent fabrication or improper influence or motive." *Tome v. United States,* 513 U.S. 150, 167, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (emphasis added). Here, the statements by Smith to the polygraph examiner were made in 2012 or *after* he was aware that he was under investigation for fraud and tax offenses, had engaged counsel and was disputing the prospective charges. Thus, he clearly had a motive to avoid the charges at the time he made the statements to Mr. Barrett, rendering this subsection inapplicable.

No. CRIM. 11-14, 2015 WL 418220, at *9 (W.D. Pa. Feb. 2, 2015). Accordingly, and for the reasons stated on the record, the Government's motion *in limine* to preclude Mr. Robbins from testifying about what he told the Government regarding nontaxable sources of funds in Defendants' accounts is GRANTED.

### IV. DEFENDANT HENRY HORNG'S REQUEST FOR A LIMITING INSTRUCTION

At trial, the Government introduced certain evidence that is only admissible against one defendant. As stated on the record, the Court GRANTS Defendant Henry Horng's request for a limiting instruction to the jury stating that certain evidence is only admissible against Defendant Meili Lin as an admission but may be otherwise admissible against Mr. Horng if the Government presents an alternate theory of admissibility. *See* ECF 235.

3

## V. TESTIMONY FROM DEFENSE EXPERT PETER NI

The Government moves for a *Daubert* hearing to determine the relevance of defense expert Peter Ni's testimony on (1) the structure and importance of the family structure in China and Taiwan; (2) the relationship between Taiwan and China in business and (3) the flows of capital from mainland China. *See* ECF 225. Moreover, the Government challenges the foundation for Mr. Ni's expert testimony on these subjects under Rule 702. The defense filed an opposition, arguing that no *Daubert* hearing is necessary and Mr. Ni's testimony should be admitted. ECF 246.

As stated on the record, the Court does not find a *Daubert* hearing necessary. Despite Mr. Ni's impressive qualifications as a tax attorney, the Court finds that he is unqualified to testify about cultural issues. However, based on Mr. Ni's experience and education as an attorney, the Court will allow him to testify in a more limited manner about the role of a nominee in financial transactions and his experience with clients who would like to move money out of China because of currency controls. However, as explained on the record, Mr. Ni's testimony only becomes relevant *after* the defense first lays the foundation regarding the factual circumstances of this case, including offering evidence that Defendants were acting as nominees. *See* Fed. R. Evid. 104(b).

## VI. GOVERNMENT'S MOTION *IN LIMINE* NO. 11 TO ADMIT BANK RECORDS

On April 25, 2018, the Government moved to admit several bank records into evidence. ECF 204. Defendants opposed, arguing that the Government had not yet provided a proffer of authentication for the bank records. ECF 205. As stated on the record, absent stipulations of admissibility, the Government is required to authenticate the bank records by calling custodians to present live witness testimony at trial. The Government did so, and the following bank records identified in the Government's motion *in limine* No. 11 have been admitted into evidence: Exhibits 501 through 531 & 537 (Bank of America); Exhibits 561 through 577 (Cathay Bank); Exhibits 591 through 604 (China Trust Bank); Exhibits 621 through 624 (Citibank); Exhibits 641 through 643 (HSBC); Exhibits 660 through 671 (Metro United Bank); Exhibits 691 through 696 (Wells Fargo).

## VII. DEFERRED RULINGS ON JOINT DEFENSE MOTIONS *IN LIMINE* NOS. 1 AND 2.

In its first order regarding motions *in limine* the Court deferred ruling on two joint defense motions. *See* ECF 199. First, the Court deferred ruling on Defendants' joint motion in limine No. 1 to exclude evidence of other acts outside of the 2006-2007 time period. *See* ECF 153. The Court did not impose time limits on the Government's presentation of evidence at trial but Defendants retained their rights to bring Rule 404(b) objections on a document-by-document basis. Second, the Court deferred ruling on Defendants' request for an order requiring the Government to provide a proffer of authentication and identification of its exhibits, including summaries, charts, and those exhibits on which the summaries and charts purport to be based. *See* ECF 154. The parties continued to exchange information and the Court has ruled on Defendants' objections to the admissibility of the Government's exhibits as stated on the record at trial.

**IT IS SO ORDERED.**

Dated: May 23, 2018

_____
BETH LABSON FREEMAN
United States District Judge