1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 UNITED STATES OF AMERICA,          Case No.  15-cr-00065-BLF

8          Plaintiff,

9     v.

10 MEILI LIN a/k/a/ ALLY LIN & JYH-
CHAU HORNG a/k/a/ HENRY HORNG,

11
          Defendants.

12

13

14 **JURY INSTRUCTIONS.**

15

16 Dated: May 29, 2018

17

18 BETH LABSON FREEMAN
United States District Judge

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1 – Duty of Jury

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

INSTRUCTION NO. 2 – The Charge-Presumption of Innocence

This is a criminal case brought by the United States government.  The government charges Defendant Meili Lin and Defendant Jyh-Chau Horng in Counts 1 and 2 of the Indictment with filing false tax returns, in violation of Section 7206(1) of Title 26.

The government also charges Defendant Jyh-Chau Horng in Count 3 of the Indictment with making false statements to a government agency, in violation of Section 18 U.S.C. § 1001(a)(2) of Title 18.

The charges against the Defendants are contained in an Indictment.  The Indictment simply describes the charges the government brings against the Defendants.  The Indictment is not evidence and does not prove anything.

The Defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the Defendants have the right to remain silent and never have to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

For a Defendant to be found guilty of the charge of filing false tax returns, the government must prove each of the following elements beyond a reasonable doubt:

>First, the Defendant made and signed a tax return that the Defendant knew contained false information as to a material matter;

>Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

>Third, in filing the false tax return, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

For a Defendant to be found guilty of the charge of making false statements to a government agency, the government must prove each of the following elements beyond a reasonable doubt:

>First, the Defendant made a false statement in a matter within the jurisdiction of the Internal

Revenue Service;

Second, the Defendant acted willfully; that is, the Defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Internal Revenue Service; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

1

INSTRUCTION NO. 3 – What Is Evidence

2

The evidence you are to consider in deciding what the facts are consists of:

3

    (1) the sworn testimony of any witness;

4

    (2) the exhibits received in evidence; and

5

    (3) any facts to which the parties have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 4 – What Is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INSTRUCTION NO. 5 – Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 6 – Ruling on Objections

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.  Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 7 – Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

INSTRUCTION NO. 8 – Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—

including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 10 – Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 11 – Outline of Trial

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1    INSTRUCTION NO. 12 – Jury to Be Guided by English Translation / Interpretation

2         A language other than English will be used for some evidence during this trial.  When a witness

3    testifies in another language, the witness will do so through an official court interpreter.

4         The evidence you are to consider and on which you must base your decision is only the English-

5    language interpretation provided through the official court interpreters.  Although some of you may

6    know the non-English language used, you must disregard any meaning of the non-English words that

7    differs from the official interpretation.

8         You must not make any assumptions about a witness or a party based solely upon the use of an

9    interpreter to assist that witness or party.

INSTRUCTION NO. 13 – Separate Consideration for Each Defendant

Although the Defendants are being tried together, you must give separate consideration to each Defendant.  In doing so, you must determine which evidence in the case applies to each Defendant, disregarding any evidence admitted solely against some other Defendant.  The fact that you may find one of the Defendant guilty or not guilty should not control your verdict as to any other Defendant.

INSTRUCTION NO. 14 – Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we did what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

INSTRUCTION NO. 15 – Charge Against Defendant Not Evidence—Presumption of Innocence—

Burden of Proof

The Indictment is not evidence.  The Defendants have pleaded not guilty to the charges.

Each Defendant is presumed to be innocent unless and until the government proves each Defendant

guilty beyond a reasonable doubt.  In addition, the Defendants do not have to testify or present any

evidence.  The Defendants do not have to prove innocence; the government has the burden of proving

every element of the charges beyond a reasonable doubt.

1  INSTRUCTION NO. 16 – Defendant's Decision Not to Testify

2  A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict,

3  the law prohibits you from considering in any manner that a defendant did not testify.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION NO. 17 – Defendant's Decision to Testify

2       A defendant has testified.  You should treat this testimony just as you would the testimony of any

3 other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 18 – Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.  A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

INSTRUCTION NO. 19 – Opinion Evidence, Expert Witness

2   You have heard testimony from persons who, because of education and experience, were

3   permitted to state opinions and the reasons for their opinions

4   Such opinion testimony should be judged like any other testimony.  You may accept it or reject

5   it, and give it as much weight as you think it deserves, considering the witness's education and

6   experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 20– Cautionary Instruction—First Recess

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

INSTRUCTION NO. 21 – Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we did what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

INSTRUCTION NO. 26 – Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case. You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

You must also avoid bias, conscious or unconscious, on the basis of race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender.

INSTRUCTION NO. 27 – Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

The Indictment is not evidence.  The Defendants have pleaded not guilty to the charges. Each Defendant is presumed to be innocent unless and until the government proves each Defendant guilty beyond a reasonable doubt.  In addition, the Defendants do not have to testify or present any evidence.  The Defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

1

INSTRUCTION NO. 28 – Defendant's Decision Not to Testify

2     A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict,

3  the law prohibits you from considering in any manner that a defendant did not testify.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION NO. 29 – Defendant's Decision to Testify

2       A defendant has testified.  You should treat this testimony just as you would the testimony of any

3   other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 30 – Reasonable Doubt—Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 31 – What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

INSTRUCTION NO. 32 – What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 33 – Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 34 – Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1) the opportunity and ability of the witness to see or hear or know the things testified to;

    (2) the witness's memory;

    (3) the witness's manner while testifying;

    (4) the witness's interest in the outcome of the case, if any;

    (5) the witness's bias or prejudice, if any;

    (6) whether other evidence contradicted the witness's testimony;

    (7) the reasonableness of the witness's testimony in light of all the evidence; and

    (8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 35 – Activities Not Charged

You are here only to determine whether the Defendants are guilty or not guilty of the charges in the Indictment.  The Defendants are not on trial for any conduct or offense not charged in the Indictment.

INSTRUCTION NO. 36 – Separate Consideration of Multiple Defendants

A separate crime is charged against one or more of the Defendants in each count. The charges have been joined for trial. You must decide the case of each Defendant on each crime charged against that Defendant separately. Your verdict on any count as to any Defendant should not control your verdict on any other count or as to any other Defendant.

All the instructions apply to each Defendant and to each count unless a specific instruction states that it applies only to a specific Defendant.

INSTRUCTION NO. 37 – On or About—Defined

The Indictment charges that the offenses alleged in each Count were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each Count of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 38 – Statements by Defendant

You have heard testimony that a Defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the Defendant may have made it.

INSTRUCTION NO. 39 – Other Crimes, Wrongs or Acts of Defendant

You have heard evidence that the Defendants may have committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, or absence of mistake or accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the Defendants are now on trial.

INSTRUCTION NO. 42 – Summaries Not Received in Evidence

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1    INSTRUCTION NO. 43 – Charts and Summaries in Evidence

2         Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as

3    good as the underlying supporting material.  You should, therefore, give them only such weight as you

4    think the underlying material deserves.

INSTRUCTION NO. 22 – Stipulations of Fact

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

The parties have stipulated as follows:

1.     Although it fluctuated daily, the exchange rate between the U.S. Dollar and the currency of the People's Republic of China, which is the Renminbi (also known as the Yuan), was never higher than 8.2765 in 2005, 2006, or 2007.  In other words, on every day in 2005, and every day in 2006, and every day in 2007, one Renminbi/Yuan was worth at least $0.12 (12 cents).

2.     On September 30, 2005, the exchange rate between the U.S. Dollar and the Chinese Renminbi/Yuan was 8.0920.  In other words, on that day one Renminbi/Yuan had a value of $0.1236 (12.36 cents).

3.     On March 14, 2006, the exchange rate between the U.S. Dollar and the Chinese Renminbi/Yuan was 8.0473.  In other words, on that day one Renminbi/Yuan had a value of $0.1243 (12.43 cents).

4.     Although it fluctuated daily, the exchange rate between the U.S. Dollar and the Canadian Dollar was never higher than 1.1852 in 2006 or 2007.  In other words, on every day in 2006, and every day in 2007, one Canadian Dollar was worth at least $0.84 (eighty-four cents).

5.     The average prime interest rates charged by U.S. lenders to borrowers were as listed on the chart on the following two pages for the periods listed:

| Year - Month | % Rate |
|---|---|
| 2004-01 | 4 |
| 2004-02 | 4 |
| 2004-03 | 4 |
| 2004-04 | 4 |
| 2004-05 | 4 |
| 2004-06 | 4.01 |
| 2004-07 | 4.25 |
| 2004-08 | 4.43 |
| 2004-09 | 4.58 |
| 2004-10 | 4.75 |
| 2004-11 | 4.93 |
| 2004-12 | 5.15 |
| 2005-01 | 5.25 |
| 2005-02 | 5.49 |
| 2005-03 | 5.58 |
| 2005-04 | 5.75 |
| 2005-05 | 5.98 |
| 2005-06 | 6.01 |
| 2005-07 | 6.25 |
| 2005-08 | 6.44 |
| 2005-09 | 6.59 |
| 2005-10 | 6.75 |
| 2005-11 | 7 |
| 2005-12 | 7.15 |
| 2006-01 | 7.26 |
| 2006-02 | 7.5 |
| 2006-03 | 7.53 |
| 2006-04 | 7.75 |
| 2006-05 | 7.93 |
| 2006-06 | 8.02 |
| 2006-07 | 8.25 |
| 2006-08 | 8.25 |
| 2006-09 | 8.25 |
| 2006-10 | 8.25 |
| 2006-11 | 8.25 |
| 2006-12 | 8.25 |
| 2007-01 | 8.25 |
| 2007-02 | 8.25 |
| 2007-03 | 8.25 |
| 2007-04 | 8.25 |
| 2007-05 | 8.25 |
| 2007-06 | 8.25 |
| 2007-07 | 8.25 |
| 2007-08 | 8.25 |
| 2007-09 | 8.03 |
| 2007-10 | 7.74 |
| 2007-11 | 7.5 |
| 2007-12 | 7.33 |
| 2008-01 | 6.98 |

| Year - Month | % Rate |
|---|---|
| 2008-02 | 6 |
| 2008-03 | 5.66 |
| 2008-04 | 5.24 |
| 2008-05 | 5 |
| 2008-06 | 5 |
| 2008-07 | 5 |
| 2008-08 | 5 |
| 2008-09 | 5 |
| 2008-10 | 4.56 |
| 2008-11 | 4 |
| 2008-12 | 3.61 |
| 2009-01 | 3.25 |
| 2009-02 | 3.25 |
| 2009-03 | 3.25 |
| 2009-04 | 3.25 |
| 2009-05 | 3.25 |
| 2009-06 | 3.25 |
| 2009-07 | 3.25 |
| 2009-08 | 3.25 |
| 2009-09 | 3.25 |
| 2009-10 | 3.25 |
| 2009-11 | 3.25 |
| 2009-12 | 3.25 |

6.      On April 16, 2012, the Canada Revenue Agency sent documents to the Internal Revenue Service ("IRS") in response to the IRS's request under the United States – Canada Income Tax Convention.  These documents were "treaty-stamped" to declare that they documents were received from a treaty exchange and are subject to the confidentiality rules of the treaty.

7.      Treaty-stamped documents from CTC Bank of Canada, included in the exhibits listed below, were amongst the documents produced by the Canada Revenue Agency: Exhibits 401, 402, 403, 404, 405, 406, 407, 408, 409, and 410.

INSTRUCTION NO. 50 – Filing False Tax Return

The Defendants are charged in Counts 1 and 2 of the Indictment with filing false tax returns in violation of Section 7206(1) of Title 26 of the United States Code.  In order for either Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> First, the Defendant signed and filed a tax return for the year 2006 or 2007 that the Defendant knew contained false information as to a material matter;
>
> Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and
>
> Third, in filing the false tax return, the Defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

INSTRUCTION NO. 51– Income Defined

Income is defined as compensation for personal services of every kind and in whatever form paid, whether it's wages, commissions, or money earned for performing services.  Income also includes profits earned from any business, regardless of its nature, and from interest, dividends, rents, and the like.  Income also includes any gain from the sale of a capital asset.

In short, the term "gross income" means all income from whatever source, unless it is specifically excluded by law.

The law excludes from income funds acquired from certain sources.  The most common nontaxable sources are loans, gifts, inheritances, the proceeds of insurance policies, and funds received from selling an asset to the extent that the amount received is the same or less than the asset's cost. Some transfers of funds between accounts are not income.  In deciding whether a particular transfer of funds is income you should consider each transfer under this definition of income.

INSTRUCTION NO. 52 – Willfully—Defined

In order to prove that a Defendant acted "willfully," the government must prove beyond a reasonable doubt that the Defendant knew federal tax law imposed a duty on him or her, and the Defendant intentionally and voluntarily violated that duty.

A Defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his or her understanding of the law is wrong or unreasonable.  Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.  Thus, in order to prove that a Defendant acted willfully, the government must prove beyond a reasonable doubt that the Defendant did not have a good faith belief that he or she was complying with the law.

INSTRUCTION NO. 54 – Substance over Form

A transaction's substance, not its form, determines its treatment for tax purposes.  That means that how a transaction is taxed is determined by its true nature, rather than by the name the parties may use in describing it.  In determining a transaction's true substance, the surrounding circumstances and economic realities override any label or name suggested by the transaction's form, or any label or name reflected on the documents that outline the transaction.  Formal written documents do not necessarily determine how a transaction should be taxed.  However, you may find from the evidence that the label or name do reflect the true nature of the transactions.  The decision is up to you.

INSTRUCTION NO. 55 – Reporting Foreign Accounts

During 2006, a citizen or resident of the United States who had a financial interest in, or signature or other authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during a particular year was required to report that interest or signature authority by checking the "Yes" box on Schedule B to their Form 1040 U.S. Individual Income Tax Return, Part III, line 7a, for the year.

In order for either of the Defendants to be found guilty of filing a false tax return for 2006 based on a willful failure to report foreign accounts the government must prove each of the following, in addition to each of the elements of Section 7206(1), set forth in Instruction No. 50, beyond a reasonable doubt:

First, the Defendant was a resident or citizen of the United States, or a person in and doing business in, the United States during 2006;

Second, one of the Defendants had a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country during the year specified in the count;

Third, the aggregate value of the foreign financial account exceeded $10,000.00 during the calendar year specified in the count; and

Four, the Defendant willfully failed to check the "Yes" box on Schedule B to his or her Form 1040 U.S. Individual Income Tax Return, for the year specified in the count.

The term "United States" includes the states, territories and possessions of the United States.

The term "foreign country" includes all geographical areas located outside the United States. The geographical location of the account, not the nationality of the financial entity institution in which the account is found determines whether it is an account in a foreign country.

A "financial interest" exists in a person who is the owner of record of, or has legal title to, an account, whether the account is maintained for his or her own benefit or for the benefit of others including non-United States persons.

"Signature authority" exists in a person who can control the disposition of money or other property in an account by delivery of a document containing his signature to the bank or other person with whom the account is maintained.

1       "Other authority" exists in a person who can exercise comparable power over an account by
2  communication to the bank or other person with whom the account is maintained, either directly or
3  through an agent, nominee, attorney, or in some other capacity on behalf of the U.S. person, either orally
4  or by some other means.
5       In order to prove that a Defendant "willfully" failed to check the "Yes" box on Schedule B to
6  their Form 1040 U.S. Individual Income Tax Return for 2006, the government must prove beyond a
7  reasonable doubt that the Defendant knew federal law imposed a duty on him or her to check the "Yes"
8  box, and that the Defendant intentionally and voluntarily violated that duty.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    INSTRUCTION NO. 56 – False Statement to Government Agency

2    Defendant Horng is charged in Count 3 of the Indictment with knowingly and willfully making a

3    false statement in a matter within the jurisdiction of a governmental agency or department in violation of

4    Section 1001 of Title 18 of the United States Code.  The charged, allegedly false statements are:

5    a.    That Defendant Meili Lin did not maintain any financial accounts in a foreign country

6    during the year 2006;

7    b.    That income amounts listed on three separate loan applications signed by Defendant

8    Meili Lin had been added by someone other than Defendant Meili Lin without Defendant Meili Lin's

9    knowledge or permission;

10    c.    That a foreign financial account listed on a loan application signed by Defendant Meili

11    Lin had been added by someone other than Defendant Meili Lin without Defendant Meili Lin's

12    knowledge or permission; and

13    d.    That he, Defendant Jyh-Chau Horng, had never had any affiliation with an entity called

14    Florence Trading.

15    In order for the Defendant to be found guilty of that charge, the government must prove each of

16    the following elements beyond a reasonable doubt:

17    First, the defendant made a false statement in a matter within the jurisdiction of the Internal

18    Revenue Service, with all of you unanimously agreeing as to which specific statement or

19    statements that were false;

20    Second, the Defendant acted willfully; that is, the Defendant acted deliberately and with

21    knowledge both that the statement was untrue and that his or her conduct was unlawful; and

22    Third, the statement was material to the activities or decisions of the Internal Revenue

23    Service; that is, it had a natural tendency to influence, or was capable of influencing, the

24    agency's decisions or activities.

25

26

27

28

INSTRUCTION NO. 57 – Gift Defined

It is for you, the Jury, to decide whether certain funds are taxable or nontaxable to either Defendant. In determining whether a payment of money or property to a Defendant is a nontaxable gift, you should look to the intent of the parties at the time the payment was made, particularly the intent of the person making the payment. Such payments are gifts if motivated by generosity, affection, respect, admiration, charity, or like impulses. A payment is not a gift if it is made to compensate a Defendant for his or her business or professional services. In making this determination, however, you must look at all the facts and circumstances in this case. The characterization given to a certain payment by either the Defendants or the person making the payment is not conclusive. Rather, you the members of the Jury, must make an objective inquiry as to whether a certain payment is a gift.

INSTRUCTION NO. 58 – Proof of Tax Deficiency Not Required

With respect to Counts 1 and 2, the government does not have to prove that there was a tax due and owing for the years in issue.  Whether the government has or has not suffered a pecuniary or monetary loss as a result of the tax return is not an element of Section 7206(1).  However, you may consider whether there was a tax due and owing for the years in issue when evaluating materiality, as defined in the last paragraph of Instruction No. 50.

INSTRUCTION NO. 59 – Limiting Instruction Regarding Expenditures and Bank Deposits

The government has introduced evidence that the defendants purchased real estate, cars, jewelry, and other expensive items.  This evidence may not be considered by you as evidence that the defendants had unreported income, but it may be considered to corroborate other evidence, if any, of unreported income.

The government also introduced evidence of bank deposits into accounts associated with the defendants. Standing alone, evidence of spending or bank deposits is not sufficient to support a finding of unreported income.  This evidence may, however, be considered to corroborate other evidence, if any, of unreported income.

INSTRUCTION NO. 60 – Definition of Nominee

A nominee is a person who holds an asset for the benefit of another.

1    INSTRUCTION NO. 61 – Limiting Instruction Regarding Admissions

2    Some evidence, including loan applications, signature cards, checks, and statements, are

3    admissible for their truth only against the Defendant who signed the documents or made the statement,

4    unless you find by a preponderance of the evidence that the other Defendant adopted or authorized the

5    statement.  However, such statements can be considered against both Defendants for purposes other than

6    their truth.

INSTRUCTION NO 68 - Theory of Defense

The Defendants' Theory of Defense is that the majority of the money transferred into bank accounts associated with the Defendants was not income. The defense contends those funds were family money transferred to Meili Lin as the nominee for her family and were not income to the defendants.

The defense contends that Meili Lin was the nominee for the family's economic interests in the United States and economic substance of her property purchases was as the nominee for her family rather than for her own personal interest.

The government bears the burden of proving each element of each of the charged offenses beyond a reasonable doubt.

INSTRUCTION NO. 44 – Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

INSTRUCTION NO. 45 – Consideration of Evidence

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1
INSTRUCTION NO. 46 – Use of Notes

2
Some of you have taken notes during the trial.  Whether or not you took notes, you should rely

3
on your own memory of what was said.  Notes are only to assist your memory.  You should not be

4
overly influenced by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 47 – Jury Consideration of Punishment

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 48 – Verdict Form

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1    INSTRUCTION NO. 49 – Communication With Court

2    If it becomes necessary during your deliberations to communicate with me, you may send a note

3    through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to

4    communicate with me except by a signed writing, and I will respond to the jury concerning the case only

5    in writing or here in open court.  If you send out a question, I will consult with the lawyers before

6    answering it, which may take some time.  You may continue your deliberations while waiting for the

7    answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands,

8    numerically or otherwise, on any question submitted to you, including the question of the guilt of the

9    defendant, until after you have reached a unanimous verdict or have been discharged.